Vincent Bianco (VB-4170)
Law Office of Vincent Bianco
114 Old Country Road, Suite 560
Mineola, New York 11501
vincent@vincentbiancolaw.com
(516) 900-7870

Attorney for Plaintiff
S.D., E.D. obo S.D.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
S.D., E.D. obo S.D.

                                                           COMPLAINT

                         Plaintiff(s),            Civil Action No.:   - CV -

       -against-

COLD SPRING HARBOR CENTRAL SCHOOL
DISTRICT,

                       Defendant(s).
-----------------------------------------------------------X

## COMPLAINT

Plaintifs', S.D., E.D. obo S.D., by their counsel, Vincent Bianco, Esq., file this complaint in appeal of a partially adverse decision by New York State's, State Review Officer, in the matter of an appeal to the State Review Officer of a decision by an Impartial Hearing Officer pursuant to the Individuals with Disabilities Education Improvement Act and New York Education Law.

## NATURE OF THE CASE

1.    This is an action to redress a partially adverse decision by the New York State's, State Review Officer, in the matter of an appeal to the State Review Officer of a

decision by an Impartial Hearing Officer pursuant to the Individuals with Disabilities Education Improvement Act and New York Education Law.

## JURISDICTION AND VENUE

2. This court has original jurisdiction over this action pursuant to 28 USC § 1331 in that it arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), codified at 29 U.S.C. § 794; Section 1983 of the Civil Rights Act ("Section 1983"), 42 U.S.C. § 1983; and New York state law

3. Jurisdiction is vested in this Court under § 615 of Title III, 20 U.S.C. § 1400 et seq.; and all conditions precedent have occurred or been complied with. Venue in the Court is also proper under 28 U.S.C. § 1391(b) in that the Plaintiff resides within the Eastern District of New York, the Defendants are located within the Eastern District of New York, and that the acts and/or omissions giving rise to the claims in this complaint occurred within the Eastern District of New York.

## PARTIES

4. The Plaintiffs, S.D., E.D., and S.D. reside at 3 Cedarwood Court, Syosset, New York 11791 which is within the boundaries of the Eastern District of New York.

5. The Defendant, Cold Spring Harbor Central School District, (hereinafter "Cold Sprig Harbor or the District") is, on information and belief, a public school district and is located in Nassau County, in the state of New York and duly organized as such under the laws of that state.

## STATEMENT OF FACTS

6. The plaintiff's are and have been residents of the Cold Spring Harbor Central School District at all times relevant to the issues raised by this complaint.

7. S.D. and E.D. are the parents of S.D. and have initiated this complaint on his behalf as well as their own.

8. Their son, S.D., was a student at the District during the 2013-2014 and 2014-2015 school years for his Third and Fourth grades.

9. S.D. is a student with a disability and has been provided a special education classification, program and placement while he was a student at the District.

10. On or about November 14, 2016 his parents filed a request for due process pursuant to the IDEA claiming that the program offered by the District was not appropriate and did not provide him with a Free Appropriate Public Education (hereinafter "FAPE").

11. As a result of the District's failure to offer their son a FAPE they unilaterally enrolled him at the Windward School for the 2015-2016 and 2016-2017 school years.

12. The due process complaint sought, among other things, tuition reimbursement for the 2015-2016 and 2016-2017 school years. They also sought to be reimbursed for the costs in transporting their son to the Windward School for the 2015-2016 school year.

13. An Impartial Hearing Officer (hereinafter "IHO") appointed to hear the complaint and make a determination issued a decision on September 18, 2017 denying the parents request in its entirety.

14. On November 30, 2017 the parents filed an appeal of the IHO's decision to the SRO seeking tuition reimbursement for the 2015-2016 and 2016-2017 school years as well as reimbursement for transportation for the 2015-2016 school year.[1]

15. On February 16, 2018 the SRO issued a decision granting plaintiffs' appeal in part and denying it in part.

16. The SRO awarded the plaintiffs' tuition reimbursement for the 2015-2016 school year and also awarded them transportation reimbursement for the 2015-2016 school year. However, the SRO reduced her award by ten (10) percent for tuition reimbursement and transportation for equitable reasons.

17. The SRO denied the plaintiffs' request for tuition reimbursement for the 2016-2017 school year indicating that the District offered their son a FAPE for that year by virtue of an IEP developed by the District's Committee on Special Education (hereinafter "CSE") at a meeting held for that purpose on (date).

## THE APPEAL

18. Plaintiff's contend that the SRO committed reversible error when she denied their relief for full reimbursement for tuition and transportation the 2015-2016 school year.

19. Plaintiffs' contend that the SRO committed reversible error when she found that the defendants were entitled to a ten (10) percent reduction in the reimbursement to the plaintiffs for tuition and transportation for the 2015-2016 school year for equitable reasons.

---

[1] The District agreed to pay for transportation for subsequent school years and transportation is not an issue before this Court except for the percentage awarded by the SRO for the 2015-2016 school year.

4

20. Plaintiffs' contend the SRO committed reversible error when she denied their relief for full tuition reimbursement for the 2016-2017 school year because the District offered their son a FAPE in the form of an IEP for that school year.

21. Plaintiffs' further contend that the SRO committed reversible error when she ruled in the District's favor that it had offered the plaintiffs' son a FAPE by virtue of an IEP developed by the CSE for the 2016-2017 school year.

DISCRIMINATION CLAIMS UNDER § 504

22. Plaintiff's contend the SRO committed reversible error when she declined to address their appeal of the IHO's decision with respect to their claims of discrimination against themselves and their son under § 504.

23. Since the SRO declined to address their claims under § 504 the plaintiff's contend that they have exhausted their administrative remedies under section 504 and are eligible to file these claims directly with this Court.

24. Plaintiffs' contend that they proved that the District discriminated against their son and themselves when it deprived him appropriate educational programs and services and failed to address issues of bullying against him thereby denying him a FAPE under § 504.

WHEREFORE, plaintiffs' respectfully request the following:

A. That the SRO's decision to reduce her award of tuition and transportation by ten (10) percent for equitable reasons be reversed and that their request for full relief be granted; and

B. That the SRO's decision to deny their request for tuition reimbursement for the 2016-2017 school year be reversed and that their requested relief for full tuition reimbursement be granted; and

C. That the Court find that the plaintiffs' were discriminated against on the basis of their son's disability and that an award for damages be made after a hearing.

D. That the Court issue any other decision just and proper under the circumstances.

Respectfully submitted;

DATED:   May 15, 2018
         Mineola, New York

*Vincent Bianco* (electronically signed)

Vincent Bianco, Esq. (VB 4170)

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
S.D., E.D. obo S.D.

                                                                                VERIFICATION

                            Plaintiff(s),                  Civil Action No.:   - CV -

        -against-

COLD SPRING HARBOR CENTRAL SCHOOL
DISTRICT,

                            Defendant(s).
-----------------------------------------------------------------X

VERIFICATION:

     I, ELIZABETH DIRAIMO, the plaintiff in the above titled action hereby affirm under penalty of perjury that I have read the foregoing verified complaint, know the contents thereof, and believe it to be true.

     The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are upon information and belief and as such deponent believes them to be true.

Dated: MINEOLA, NY
          MAY 14, 2018

                                                  _____
                                                  ELIZABETH DIRAIMO

Sworn to Before Me This 14th
Day of MAY 2018

_____
Notary Public

      VINCENT BIANCO
 Notary Public, State of New York
      No. 02BI6059305
   Qualified in Nassau County
My Commission Expires May 29, 20__